**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MICHAEL L. ALDEN, Inmate # 06327-025,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **CIVIL NO. 06-298-DRH** |
| **vs.** ) | |
| ) | |
| **TOM CUNDIFF,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, a detainee in the Williamson County Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In this action, Petitioner argues that he is being held in the Williamson County Jail without an indictment in a case currently pending in this district, in violation of Fed. R. Crim. P. 7(a).  See *United States v. Alden*, Case No. 04-cr-40043-JLF (S.D. Ill., filed July 9, 2004).  He seeks dismissal of all charges against him and immediate release.

According to the criminal docket, the government filed a suppressed indictment against Petitioner on July 7, 2004.  The suppression was lifted and the indictment was refiled on July 9, 2004.  Petitioner does not elaborate further as to the specific nature of his challenge to the indictment.  Even if he had, this petition would still have to be dismissed.  Such a challenge to the sufficiency of the indictment may be raised at this point ***only*** in his criminal case; the Court does not have the power to dismiss the indictment in a case pending before another judge in this District.  The Court notes that Petitioner is not without avenues for contesting the sufficiency of the indictment against him.  He may challenge the indictment within the context of the criminal case,[1] he may appeal (pursuant to the statutes and rules governing appeals of decisions of a federal district court), and after he has exhausted those remedies, he may pursue post conviction relief as described in Title 28 of the United States Code.

In summary, the petition does not survive review under Rule 4.  Accordingly, this action is **DISMISSED** without prejudice to Petitioner challenging the sufficiency of the indictment in the criminal case currently pending in this District.

**IT IS SO ORDERED.**

**DATED:  May 31, 2006**


/s/     David  RHerndon
**DISTRICT JUDGE**

---

[1]According to the criminal docket, Petitioner has already made a motion so challenging (Doc. 815, criminal case).